**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **In re:** | |
| **JOSEPH J. TERNDRUP,** | |
| Debtor. | |
| | **Case No. 25-44558-elm7** |
| **CHARI PACK and CHARI VENTURES, LLC,** | |
| | **Chapter 7** |
| Plaintiffs, | **Adversary Proceeding No. 26-04004** |
| v. | |
| **JOSEPH J. TERNDRUP,** | |
| Defendant. | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANT'S TRIAL EXHIBITS

Pursuant to Federal Rule of Bankruptcy Procedure 9017 and this Court's Alternative Scheduling Order [Dkt. 4], Plaintiffs, Chari Pack and Chari Ventures, LLC ("Plaintiffs"), file these Objections to Defendant's Trial Exhibits as follows:

| Exh. # | Bates | Description of Exhibit | Objection |
|---|---|---|---|
| **DX 11** | JT000278-280 | Newspaper Notice of Public Sale | Plaintiffs object to this exhibit as inadmissible hearsay under Federal Rule of Evidence 802.<br><br>Plaintiffs further object to this exhibit as an incomplete document. Defendant must produce the actual notice that ran in the newspaper under Federal Rule of Evidence 106.<br><br>Plaintiffs further object to this exhibit as lacking sufficient evidence as to authenticity under Federal Rule of Evidence 901 and 902.<br><br>Plaintiffs object to this exhibit to the extent it purports to satisfy the requirements of Federal Rule of Evidence 803(6) or 902(11). The Defendant has not sufficiently proven (1) that the records mentioned in the affidavit were made at or near the time of the acts they record; (2) that the records were kept in the course of a regularly conducted activity of a business, organization, occupation, or calling; (3) that making such records was a regular practice of such activities.<br><br>Plaintiffs further object to this exhibit to the extent it purports to evidence that Veritex circulated the exhibit in the newspaper. Defendant must produce an original copy of the newspaper under Federal Rule of Evidence 1002. |
| **DX 68** | N/A | Business Records Affidavit of Joseph J. Terndrup | Plaintiffs object to this exhibit as inadmissible hearsay under Federal Rule of Evidence 802.<br><br>Plaintiffs object to this exhibit to the extent it purports to satisfy the requirements of Federal Rule of Evidence 803(6) or 902(11). The Defendant has not sufficiently proven (1) that the records mentioned in the affidavit were made at or near the time of the acts they record; (2) that the records were kept in the course of a regularly conducted activity of a business, organization, occupation, or calling; (3) that making such records was a regular practice of such activities; (4) or that Defendant is a proper custodian or a qualified witness for the records. There is reason to question this exhibits trustworthiness under |

| Exh. # | Bates | Description of Exhibit | Objection |
|---|---|---|---|
| | | | 803(6)(E) because Defendant purports to be the business custodian of nonparty records of Second Wind Consultants, Veritex Bank, Dune Capital, WHW Appraisals, Uplily LLC, HoldingCo, or other entities. Moreover, the certification by Defendant does not meet the requirements of 28 U.S.C. § 1746 or any comparable certification as it is not dated, not notarized, and was not sworn under penalty of perjury. This is a significant omission and goes to the document's trustworthiness as Defendant is an adverse party with incentive to authenticate documents that would be favorable in a dispute over his own conduct.<br><br>Plaintiffs further object to this exhibit as testimony outside of the Defendant's personal knowledge under Federal Rule of Evidence 602.<br><br>Plaintiffs also object to this exhibit under Federal Rule of Evidence 403. It would be substantially more prejudicial than probative if the Defendant was allowed to bypass live foundation testimony for the records through a defective affidavit. |
| **DX 89** | N/A | Designation portions of Deposition Transcript: In the matter of In Re: Joseph John Terndrup Part I and II | Plaintiffs object to the use of the Defendant's deposition testimony under Federal Rule of Bankruptcy Procedure 7032. Defendant is available to testify at trial and Defendant has not identified an acceptable use of this deposition testimony under Federal Rule of Civil Procedure 32(a)(2)–(8).<br><br>Plaintiffs further object to this exhibit as inadmissible hearsay under Federal Rule of Evidence 802. |

| Exh. # | Bates | Description of Exhibit | Objection |
|---|---|---|---|
| **DX 97** | N/A | Designation portions of deposition transcript of Aren Voyles | Plaintiffs object to the use of this witness's deposition testimony under Federal Rule of Bankruptcy Procedure 7032. This witness is available to testify at trial and Defendant has not identified an acceptable use of this deposition testimony under Federal Rule of Civil Procedure 32(a)(2)–(8).<br><br>Plaintiffs further object to this exhibit as inadmissible hearsay under Federal Rule of Evidence 802. |
| **DX 113** | JT011839-11844 | Persnickety Cash Flow Analysis | Plaintiffs object to this exhibit as inadmissible hearsay under Federal Rule of Evidence 802.<br><br>Plaintiffs further object to this exhibit as lacking sufficient evidence as to authenticity under Federal Rule of Evidence 901.<br><br>Plaintiffs also object to this exhibit as an incomplete document. Defendant should be required to produce the source of the data contained in the document under Federal Rule of Evidence 106.<br><br>Plaintiffs object to this exhibit to the extent it purports to be a summary under Federal Rule of Evidence 1006 as Defendant has not identified the originals or presented them for examination or copying to Plaintiffs. |

Plaintiffs reserve the right to object to the use of documents identified on Plaintiffs' Exhibit List if first offered by the opposing party (*e.g.*, if such documents are hearsay, lack foundation, or present other evidentiary bases for objection).

Dated: August 3, 2026

Respectfully submitted,

By:  */s/ S. Wallace Dunwoody*
Jenny L. Martinez
Texas Bar No. 24013109
jmartinez@munckwilson.com
S. Wallace Dunwoody
Texas Bar No. 24040838
wdunwoody@munckwilson.com
Taylor J. Grover
Texas Bar No. 24149650
tgrover@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Ave., Suite 1900
Dallas, TX  75201
972-628-3600
972-628-3616 fax

**ATTORNEYS FOR PLAINTIFFS
CHARI PACK and CHARI
VENTURES, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served upon the following counsel of record on August 3, 2026, via the Court's electronic filing system:

Solomon G. Norred
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
*Via email (sgn@norredlaw.com)*

*Counsel for Defendant Joseph J. Terndrup*

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody